# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| COOBIE DEON DAVIS | CIVIL ACTION NO. 19-0512 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| MIKE STONE, ET AL. | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Plaintiff Coobie Deon Davis, a prisoner at Lincoln Parish Detention Center proceeding pro se and in forma pauperis, filed the instant proceeding on April 22, 2019, under 42 U.S.C. § 1983. He names the following defendants: Sheriff Mike Stone, Lincoln Parish Narcotics Enforcement Team ("LPNET"), Assistant District Attorney Lewis Jones, Kia Richardson, "Police Jury," District Attorney Belton, and the Third Judicial District Court, Lincoln Parish.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff alleges that, on approximately February 10, 2017, he was arrested and charged with five counts of distributing a Schedule II drug. [doc. # 1, p. 1]. The charges are pending before the Third Judicial District Court, Lincoln Parish. (Docket No. 69568). [doc. # 10, p. 1]. He claims, without elaborating, that LPNET officers arrested him without probable cause. [doc. #s 1, p. 1; 10, p. 2].

Plaintiff alleges that he has been incarcerated since his arrest and has yet to have a trial, implying that the Third Judicial District Court, Lincoln Parish, violated his right to a speedy trial.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[doc. # 1, pp. 1-2]. He also claims that the state court threatened to classify him as a habitual offender and to sentence him to sixty-eight years in prison. *Id.* at 2. He further claims that the state court imposed an excessive sentence following his prior conviction. [doc. # 4, p. 3].

Plaintiff claims that Assistant District Attorney Jones engaged in prosecutorial misconduct when he threatened Plaintiff with a sentence ranging from twenty-five years in prison to a lifetime in prison. [doc. # 1, p. 1]. In his amended pleading, Plaintiff faults Jones for offering him a twenty-five-year sentence for selling only one gram of crack cocaine. [doc. # 10, p. 3].

Plaintiff claims that his public defender, Kia Richardson, rendered ineffective assistance when she refused to file any motions and declined to adopt his proposed motions. [doc. # 1, p. 1].

Plaintiff claims that Sheriff Mike Stone, LPNET, and LPNET officers have "shown bias and prejudice" which unduly prejudiced his 2012/2013 criminal proceeding before the Third Judicial District Court, Lincoln Parish (Docket No. 62597). [doc. # 10, p. 1]. He claims further that District Attorney Belton allowed Sheriff Stone and LPNET officers to influence his criminal proceeding. *Id.* at 2. Plaintiff implies that, because Sheriff Stone was biased and prejudiced, the Sheriff, on February 25, 2013, unduly influenced his sentence by "consent[ing]" to imprisoning Plaintiff for fifteen years for possessing six grams of cocaine with the intent to distribute it, his first felony conviction. *Id.* at 1-2.

Plaintiff seeks "normal damages"[2] and $250,000.00 for his mental anguish. [doc. # 1, p. 2]. He also appears to ask the Court to dismiss the charges against him, titling his amended pleading, "Habeas Corpus," and alleging that "he's being held incarcerated pass two coverage

---

[2] Plaintiff presumably seeks nominal damages.

Motion to Quash La. C. Cr. P. Art. 581 right to dismissal upon waiting for trial . . . ." [sic].[3] *Id.*

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[4] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

---

[3] Louisiana Code of Criminal Procedure Article 581 provides in part, "Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment."

[4] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926

4

F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Prosecutorial Immunity**

Plaintiff claims that District Attorney Belton allowed Sheriff Stone and LPNET officers to influence his 2012/2013 criminal proceeding. [doc. # 10, p. 2]. Plaintiff also claims that Assistant District Attorney Jones engaged in prosecutorial misconduct when he threatened Plaintiff with a sentence ranging from twenty-five years in prison to a lifetime in prison. [doc. # 1, p. 1]. In his amended pleading, Plaintiff faults Jones for offering him a twenty-five-year sentence for selling only one gram of crack cocaine. [doc. # 10, p. 3].

"Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (holding that a prosecutor's conduct in connection with preparing and filing charging documents was protected by absolute immunity).

5

"Absolute immunity is not a rigid, formal doctrine, but attaches to the functions a prosecutor performs." *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018). The Fifth Circuit has consistently held that the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. See *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006). Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Here, Defendants Belton[5] and Jones[6] are entitled to absolute prosecutorial immunity. Under Plaintiff's allegations, they acted only in the course of their roles as advocates for the State. Accordingly, the Court should dismiss these claims as frivolous and because Plaintiff seeks monetary relief from defendants immune from such relief.[7]

---

[5] See *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995) ("Watson's allegations that Hattox influenced prospective witnesses and suborned perjury do not destroy the prosecutor's absolute immunity."); *Vanderwall v. Carson*, 273 F.3d 393 (5th Cir. 2001) (finding that a prosecutor was immune where the plaintiff alleged that the prosecutor "influenced others 'to participate in widespread governmental wrongdoing . . . .'").

[6] See *Taylor v. Kavanagh,* 640 F.2d 450, 453 (2d Cir. 1981) (a prosecutor's activities in plea bargaining are an essential component of the criminal justice system and merit the protection of absolute immunity) (cited with approval by *Tubwell v. Dunn*, 12 F.3d 1097 (5th Cir. 1993)); *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (finding, where the plaintiff alleged that prosecutors threatened him with further prosecution, that the prosecutors were immune); *Conner v. Pickett*, 552 F.2d 585, 586 (5th Cir. 1977) (finding a prosecutor immune where the plaintiff alleged that the prosecutor violated his rights in connection with sentencing).

[7] These claims are also likely barred under *Heck v. Humphrey*. However, "Before reaching the *Heck* analysis, it is appropriate to consider whether the doctrine of absolute immunity applies." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995) (citing *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994)).

### 3. Entities Unamenable to Suit

Plaintiff names LPNET and the Third Judicial District Court, Lincoln Parish as defendants. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Here, LPNET and the Third Judicial District Court, Lincoln Parish,[8] do not qualify as juridical persons. Accordingly, the Court should dismiss Plaintiff's claims against these entities.

### 4. Plaintiff's 2012/2013 Criminal Proceeding

Plaintiff claims that Sheriff Mike Stone, LPNET, and LPNET officers have "shown bias and prejudice" which unduly prejudiced his 2012/2013 criminal proceeding before the Third Judicial District Court, Lincoln Parish (Docket No. 62597). [doc. # 10, p. 1]. Plaintiff implies that, because the Sheriff was biased and prejudiced, the Sheriff unduly influenced his sentence by "consent[ing]" to imprisoning Plaintiff for fifteen years for possessing six grams of cocaine with the intent to distribute it. *Id.* at 1-2. Plaintiff also claims that the state court imposed an excessive sentence. [doc. # 4, p. 3].

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared

---

[8] See *Griffith v. Louisiana*, 808 F. Supp. 2d 926, 934 (E.D. La. 2011) ("[A] Louisiana state court does not qualify as a juridical person and thus lacks the capacity to be sued."); *Swift v. Juvenile Court*, 2009-1182 (La. App. 3 Cir. 3/10/10), 2010 WL 786031 (finding "that the law does not grant a juvenile court the procedural capacity to sue or be sued."); *Durden v. Bryson*, 2017 WL 4855437, at *2 (W.D. La. Sept. 26, 2017), report and recommendation adopted, 2017 WL 4847783 (W.D. La. Oct. 25, 2017); *Chisom v. Edwards*, 2012 WL 13005340, at *7-9 (E.D. La. Aug. 6, 2012).

invalid, or called into question by a federal court's issuance of a writ of habeas corpus.

Plaintiff was convicted of drug possession and possession with intent to distribute.[9] Here, he first alleges that the Sheriff, LPNET, and LPNET officers prejudiced his criminal proceeding, implying that, but for the defendants' actions, the outcome of his criminal proceeding would have differed. Manifestly, prevailing on these claims would necessarily imply the invalidity of his convictions. See *Miller v. Hawkins*, 73 F. App'x 56, 56 (5th Cir. 2003) (affirming that the plaintiff's claim was barred by *Heck v. Humphrey* where the plaintiff alleged that the district attorney "acted improperly during his state habeas proceedings[.]").

Next, Plaintiff faults the state court for imposing an excessive sentence. Clearly, prevailing on this claim would necessarily imply the invalidity of Plaintiff's sentence. See generally *Miller v. Hawkins*, 73 F. App'x 56, 56 (5th Cir. 2003) (finding, where the plaintiff alleged that he received an excessive punishment, that the plaintiff did not show "error in the district court's holding" that his claim was barred under *Heck*).

Thus, Plaintiff may not seek damages for either his excessive sentence or the alleged bias, prejudice, and influence in his criminal proceeding until his convictions are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. The Court should dismiss these claims.[10]

**5. Public Defender Kia Richardson**

Plaintiff claims that his public defender, Kia Richardson, rendered ineffective assistance when she refused to file any motions and declined to adopt his proposed motions. [doc. # 1, p.

---

[9] TELEPHONE CALL TO CLERK OF COURT, THIRD JUDICIAL DISTRICT COURT (June 26, 2019).

[10] The undersigned recommends dismissing these claims against LPNET and the Third Judicial District Court under *Heck* only in the alternative because, as above, these defendants are unamenable to suit.

8

1].

To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "Fair attribution" means: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937. Of import, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

Here, Defendant Richardson did not act under color of state law: deciding which motions (if any) to file is a traditional function of counsel. See *Amir-Sharif v. Dallas Cty. Pub. Defs. Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (finding, where a plaintiff was concerned with the "quality of legal assistance being provided to him by appointed counsel and the public defender[,]" that "the attorney defendants . . . are not state actors for § 1983 purposes."); *Linn v. Saitin*, 575 F. App'x 531, 532 (5th Cir. 2014) (affirming, where the plaintiff alleged that a public

defender and her supervisor rendered ineffective assistance, that the defendants were not state actors).[11]  The Court should dismiss this claim.[12]

**6. Conclusory Allegations**

Plaintiff names "Police Jury" as a defendant, but he does set forth any allegations against it.[13]  [doc. # 1, pp. 1-3].  Plaintiff also claims, without expounding, that LPNET officers arrested him without probable cause.  [doc. #s 1, p. 1; 10, p. 2].  Further, he alleges that the officers entrapped him.  [doc. # 1, p. 1].

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

Here, the Court should dismiss "Police Jury" because Plaintiff does not raise a claim

---

[11] See also *O'Brien v. Colbath*, 465 F.2d 358 (5th Cir. 1972) (holding that the ineffective assistance of a public defender in a criminal case does not raise a claim cognizable under Section 1983 because no "state action" is involved and because Section 1983 was not intended as a "vehicle for prosecuting malpractice suits against court-appointed attorneys."); *U. S. ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) ("The court-appointed attorney, like any retained counsel, serves his client. He represents the client, not the state. The ancillary facts that the court has a hand in providing counsel, and that the attorney selection board in Orleans Parish obtains its authority from statute, do not alter the attorney-client relationship. That relationship is our concern here. Accordingly, the district court correctly disallowed any [Section] 1983 claim raised by Plaintiff-Appellant, since the situation presents no state action.'").

[12] Assuming, for the sake of argument, that Richardson acted under color of state law, the undersigned would recommend dismissing Plaintiff's claim under *Heck v. Humphrey* and *Wallace v. Kato*.  See *Williams v. Eastland*, 54 F. App'x 795 (5th Cir. 2002) ("Because Williams' claims are based on his attorney's alleged ineffective assistance, they are barred by *Heck* because he has not shown that his conviction has been reversed, expunged, invalidated, or otherwise called into question."); *Wallace v. Kato*, 549 U.S. 384 (2007).

[13] The undersigned instructed Plaintiff to provide a separate description of what, exactly, each defendant did to violate his rights.  [doc. # 9].

10

against it. Similarly, Plaintiff's laconic allegations of false arrest and entrapment do not disclose enough facts to state plausible claims. Even construed liberally and in his favor, these claims are entirely conclusory and should therefore be dismissed.

**7. Speedy Trial**

Plaintiff alleges that he has been incarcerated since the date of his arrest and has yet to have a trial, impliedly claiming that the Third Judicial District Court, Lincoln Parish, violated his right to a speedy trial. [doc. # 1, pp. 1-2]. Plaintiff asks this Court to dismiss his pending charges.[14]

As above, the undersigned finds the state court unamenable to suit. That said, and even assuming that the state court is amenable or that Plaintiff identified a proper defendant, the undersigned recommends dismissing this claim.

Although Plaintiff filed this action under 42 U.S.C. § 1983, his request is an implicit challenge to the very fact and duration of his physical imprisonment.[15] Plaintiff should pursue his request for immediate release from custody through a petition for writ of habeas corpus under

---

[14] Plaintiff refers the Court to LA. CODE CRIM. PROC. art. 578(A), which provides in part, "Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable: . . . (2) In other felony cases after two years from the date of institution of the prosecution[.]" Under LA. CODE CRIM. PROC. art. 581: "Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment. . . . If the indictment is dismissed under this article, there shall be no further prosecution against the defendant for the same or a lesser offense based on the same facts."

[15] See, e.g., *Sellers v. Plattsmier*, 637 F. App'x 111, 112 (5th Cir. 2015) (reasoning that the plaintiff's request to dismiss a bill of information was an implicit request for release); *Florence v. Garcia*, 713 F. App'x 306, 307 (5th Cir. 2018) ("Florence's requests for dismissal of the charges and for immediate release sound in habeas . . . ."); *Durall v. Lafayette Police Dep't*, 2011 WL 6181387, at *1 (W.D. La. Nov. 16, 2011), report and recommendation adopted, 2011 WL 6205542 (W.D. La. Dec. 13, 2011) ("Since dismissal of the charges would result in an immediate or at least speedier release from custody, plaintiff must seek such relief by way of a petition for writ of habeas corpus . . . .").

28 U.S.C. § 2241. See *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing a request for release from pending state criminal proceedings as a habeas petition under Section 2241); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as Dickerson's are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."). Accordingly, the Court should dismiss this claim.[16]

The undersigned cautions that Plaintiff must first exhaust his available state court remedies before seeking habeas relief in this Court. See *Presier*, 411 U.S. at 477 (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy

---

[16] Plaintiff does not appear to seek monetary relief for the alleged denial of a speedy trial. Even if he did, the undersigned would recommend dismissing the request because the dismissal of charges "is the only possible remedy" for this type of claim. See *Barker v. Wingo*, 407 U.S. 514, 522 (1972); *Quinn v. Roach*, 326 F. App'x 280, 290 (5th Cir. 2009) ("The only remedy for a violation of the Sixth Amendment right to a speedy trial is dismissal of any criminal charges."). Further, even if Plaintiff could obtain monetary relief, the undersigned would recommend dismissing or staying the claim under *Heck v. Humphrey* and *Wallace v. Kato*. See *Anderson v. Galveston County Dist. Clerk,* 91 Fed. Appx. 925, 926 (5th Cir. 2004) ("[Claimant] argues that the district court abused its discretion in dismissing the complaint as frivolous pursuant to *Heck v. Humphrey* . . . because his complaint challenged the length of his pre-trial detention and not his conviction . . . . [Claimant's] complaint, given its most liberal construction, sought damages for the denial of his Sixth Amendment right to a speedy trial. A determination that [his] Sixth Amendment right to a speedy trial was violated would necessarily implicate the invalidity of his conviction, and [he] has not shown that his conviction has been overturned or otherwise declared invalid.") (unpublished); *Josey v. Tex. Dep't of Pub. Safety,* 101 Fed. Appx. 9, 10 (5th Cir. 2004) ("[B]y raising his speedy-trial argument, Josey is contesting his continued confinement.") (unpublished); *Krause v. Leonard*, 352 F. App'x 933, 935 (5th Cir. 2009).

is available and adequate.").[17] Plaintiff is further cautioned that the Court may abstain, under *Younger v. Harris*, 401 U.S. 37 (1971), if Plaintiff asks the Court to interfere with his ongoing criminal prosecution.[18, 19] See *Gates v. Strain*, 885 F.3d 874, 882 (5th Cir. 2018) (declining, where the plaintiff argued that his prosecution would violate state and federal speedy-trial laws, to enjoin a state criminal proceeding, observing that "the alleged denial of a speedy trial is not itself a legitimate basis on which to enjoin a state criminal proceeding" absent other extraordinary circumstances or bad faith); *Gibson v. Orleans Par. Sheriff*, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) (affirming abstention under *Younger v. Harris*, where a petitioner sought habeas corpus relief under 28 U.S.C. § 2241).

---

[17] See also *Dickerson*, 816 F.2d at 225 ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

[18] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates*, 885 F.3d at 880 (internal quotation marks and quoted sources omitted).

[19] There is "an important distinction between a petitioner who seeks to abort a state proceeding or to disrupt the orderly functioning of state judicial processes by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (internal quotation marks and quoted sources omitted); see *Dickerson*, 816 F.2d at 226 ("[P]re-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial.").

**Recommendation**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Coobie Deon Davis's claims against District Attorney Belton and Assistant District Attorney Jones be **DISMISSED** as frivolous and because Plaintiff seeks monetary relief from defendants immune from such relief.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against LPNET, the Third Judicial District Court, Lincoln Parish, Kia Richardson, and Police Jury, as well as Plaintiff's claims against LPNET officers concerning false arrest and entrapment, be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Sheriff Mike Stone and LPNET officers concerning their bias, prejudice, and influence in connection with Plaintiff's 2012/2013 criminal proceeding be **DISMISSED WITH PREJUDICE** as frivolous until the *Heck* conditions are met.

**IT IS FURTHER RECOMMENDED** that Plaintiff's speedy-trial claim be **DISMISSED WITHOUT PREJUDICE** to Plaintiffs right to pursue habeas corpus relief after he exhausts all available state court remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 9th day of July, 2019.

                                                    Karen L. Hayes
                                                  United States Magistrate Judge